IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JESSICA FAY,

      Appellant,

v.                               Case No.    5D22-1258
                                    LT Case No. 2022-DR-000558

KENNETH CARTER,

      Appellee.

_____/

Opinion filed December 2, 2022

Appeal from the Circuit Court
for Seminole County,
Nancy Alley, Senior Judge.

Thomas B. Feiter, of The Fighter Law
Firm, P.A., Orlando, for Appellant.

No Appearance for Appellee.


LAMBERT, C.J.

      Jessica Fay appeals the final order dismissing her petition for injunction for protection against domestic violence that she brought against Appellee, Kenneth Carter, under section 741.30, Florida Statutes (2021).

The trial court dismissed Fay's petition finding that there was a "lack of jurisdiction in Florida." We reverse.

At the hearing held on Fay's petition, Carter made an oral motion to dismiss, arguing that the Florida court lacked jurisdiction because the acts that allegedly formed the basis for the petition for injunction happened in the State of Georgia. However, assuming that the alleged domestic violence occurred in Georgia, a circuit court in Florida does not summarily lack subject matter jurisdiction to grant an injunction for protection against domestic violence. Section 741.30(1)(j), Florida Statutes, provides:

> Notwithstanding any provision of chapter 47, a petition for an injunction for protection against domestic violence may be filed in the circuit where the petitioner currently or temporarily resides, where the respondent resides, or where the domestic violence occurred. There is no minimum requirement of residency to petition for an injunction for protection.

§ 741.30(1)(j), Fla. Stat. (2021).

Fay's sworn petition alleged that she is a resident of Florida, which has not been challenged. No testimony was provided by or on behalf of Carter at the hearing in support of his oral motion to dismiss. Carter did not argue below that the trial court lacked personal jurisdiction over him. In light of the

2

foregoing, we conclude that the trial court erred in dismissing the case for "lack of jurisdiction."[1]

Accordingly, the final order of dismissal is reversed, and the matter is remanded to the trial court for further proceedings.

REVERSED and REMANDED.

EVANDER and WALLIS, JJ., concur.

---

[1] Carter has not filed an answer brief. Finally, we take no position on the merits, if any, of Fay's petition.